UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFERSONKING NWANEKE ANYANWU, | CASE NO. C25-0995JLR |
| Petitioner, | ORDER |
| v. | |
| PAMELA BONDI, et al., | |
| Respondents. | |

## I.    INTRODUCTION

Before the court is the Honorable Michelle L. Peterson's October 6, 2025, report and recommendation, in which she recommends that the court grant Respondents' motion to dismiss *pro se* Petitioner Jeffersonking Nwaneke Anyanwu's 28 U.S.C. § 2241 habeas petition seeking release from detention, deny Mr. Anyanwu's petition, and dismiss this action with prejudice.  (R&R (Dkt. # 18); Petition (Dkt. # 6); Mot. to Dismiss (Dkt. # 13).)  Mr. Anyanwu filed objections on October 23, 2025.  (Obj. (Dkt. # 19).)

1    Respondents did not respond to Mr. Anyanwu's objections.  (*See generally* Dkt.)  The

2    court has considered the report and recommendation, Mr. Anyanwu's objections, the

3    relevant portions of the record, and the governing law.  Being fully advised, the court

4    ADOPTS Magistrate Judge Peterson's report and recommendation, GRANTS

5    Respondents' motion to dismiss, and DISMISSES Mr. Anyanwu's petition for writ of

6    habeas corpus and this action with prejudice.

7    ## II.    BACKGROUND

8         Mr. Anyanwu is a native and citizen of Nigeria who is currently in the custody of

9    United States Immigration and Customs Enforcement ("ICE") at the Northwest ICE

10   Processing Center ("NWIPC") in Tacoma, Washington.  (*See* Petition at 1.)  Because Mr.

11   Anyanwu does not object to the factual and procedural history set forth in the report and

12   recommendation, the court adopts that portion of the report and recommendation and

13   does not repeat it here.  (*See* R&R at 2-5; *see generally* Obj.)

14        Mr. Anyanwu asserts that his detention is unlawful because his November 5, 2024

15   bond hearing before an Immigration Judge ("IJ") did not comport with the procedural due

16   process requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), because

17   (1) the evidence presented at the bond hearing was insufficient to support the IJ's

18   conclusion that the Department of Homeland Security ("DHS") had presented clear and

19   convincing evidence that he was a danger to the community and a flight risk; (2) the IJ

20   failed to apply the correct standard of proof at the hearing; (3) the IJ failed to consider

21   alternatives to detention; and (4) the IJ was not a neutral decision maker.  (*See* R&R at

22   5-7 (first citing Petition, and then citing MTD Resp. (Dkt. # 16)).)  Magistrate Judge

1   Peterson recommends, however, that the court conclude that the bond hearing comported

2   with *Singh* because (1) the evidence supported the IJ's and Board of Immigration

3   Appeals' ("BIA") conclusions that Mr. Anyanwu was a danger to the community and a

4   flight risk; (2)  the IJ and BIA applied the correct burden of proof; (3) due process did not

5   require the IJ to consider alternatives to detention; and (4) Mr. Anyanwu failed to

6   demonstrate that he was deprived of a neutral decision maker and that there was any

7   actual bias on the part of the IJ.  (*Id*. at 5-15.)  Accordingly, Magistrate Judge Peterson

8   recommends that the court grant Respondents' motion to dismiss, deny Mr. Anyanwu's

9   petition for habeas corpus, and dismiss this action with prejudice.  (*Id.* at 15.)

10                     **III.    ANALYSIS**

11          A district court has jurisdiction to review a magistrate judge's report and

12   recommendation on dispositive matters.  Fed. R. Civ. P. 72(b).  "A judge of the court

13   may accept, reject, or modify, in whole or in part, the findings or recommendations made

14   by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  "The statute makes it clear that the

15   district judge must review the magistrate judge's findings and recommendations de novo

16   if objection is made, but not otherwise."  *United States v. Reyna-Tapia*, 328 F.3d 1114,

17   1121 (9th Cir. 2003) (en banc) (emphasis added).  Because Mr. Anyanwu is proceeding

18   *pro se*, the court must interpret his petition and objections liberally.  *See Bernhardt v. Los*

19   *Angeles Cnty*., 339 F.3d 920, 925 (9th Cir. 2003).

20          In his objections, Mr. Anyanwu makes three arguments.  First, Mr. Anyanwu

21   argues that the IJ based his conclusion that Mr. Anyanwu was a danger to the community

22   only on Mr. Anyanwu's past criminal history, and that neither the IJ nor the BIA on

1   appeal addressed evidence that he had no misconduct history during his incarceration and

2   that he was assessed to have a low risk of recidivism. (Obj. at 3.) Second, Mr. Anyanwu

3   argues that the IJ's decision did not rest on clear and convincing evidence that Mr.

4   Anyanwu was a flight risk, and that not all of the factors in *Matter of Guerra*, 24 I. & N.

5   Dec. 37, 40 (B.I.A. 2006), were included in the IJ's assessment of flight risk. (*Id.* at 4.)

6   Lastly, Mr. Anyanwu alleges that there was judicial bias because the IJ co-mingled

7   information from two proceedings and considered information that was not on the record.

8   (*Id.* at 5.)

9          These arguments, however, are nearly identical to the arguments Mr. Anyanwu

10  made in his petition and response to the motion to dismiss, and Magistrate Judge Peterson

11  clearly addressed each argument in her report and recommendation. (*See generally*

12  R&R.) Furthermore, the court has carefully reviewed the report and recommendation

13  and, on de novo review, agrees with Magistrate Judge Peterson's recommendations.

14  Therefore, the court ADOPTS Magistrate Judge Peterson's report and recommendation in

15  full.

## IV.    CONCLUSION

17         For the foregoing reasons, the court OVERRULES Mr. Anyanwu's objections

18  (Dkt. # 19) and ADOPTS Magistrate Judge Peterson's report and recommendation (Dkt.

19  # 18). Accordingly, the court ORDERS as follows:

20         1.      Respondents' motion to dismiss (Dkt. # 13) is GRANTED;

21         2.      Mr. Anyanwu's petition for a writ of habeas corpus (Dkt. # 6), and this

22  action, are DISMISSED with prejudice; and

ORDER - 4

1        3.    The Clerk is DIRECTED to send copies of this order to Mr. Anyanwu, to

2    counsel for Respondents, and to the Honorable Michelle L. Peterson.

3        Dated this 14th day of November, 2025.

4                                                                  

5                                       JAMES L. ROBART
                                   United States District Judge